IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KELVIN GREEN,** | |
| **Plaintiff,** | **Case Number 18-cv-7649** |
| v. | |
| **TRANS UNION, LLC,** | **JURY DEMANDED** |
| **Defendant.** | |

## COMPLAINT

KELVIN GREEN, ("Plaintiff"), by his attorney, Cass T. Casper, TALON LAW, LLC, complains as follows against TRANS UNION, LLC.

### NATURE OF THE ACTION

1. This is an action for relief from employment discrimination in violation of the Age Discrimination in Employment Act ("ADEA") stemming from Plaintiff's termination on June 3, 2018 based on his age, 66.

### JURISDICTION & VENUE

2. Jurisdiction of this Court arises by its authority to adjudicate matters arising under federal law pursuant to 28 U.S.C. §§ 1331 because the claim stated herein is for violations of the ADEA.

3. Jurisdiction of this Court also arises under 29 U.S.C. § 626(c) of the ADEA, which authorizes Plaintiff to bring a civil action in any court of competent jurisdiction for such legal and equitable relief as will effectuate the purposes of the ADEA.

4. Plaintiff filed timely charges of discrimination against Defendant TRANS UNION, LLC with the Illinois Department of Human Rights/United States Equal Employment Opportunity Commission ("EEOC").

5. The EEOC issued a Notice of Right to Sue letter to Plaintiff Kelvin Green on August 20, 2018, and this Complaint is timely filed within 90 days of receipt of that Notice of Right to Sue Letter. A copy is attached hereto as Exhibit A.

6. More than 60 days have elapsed since Plaintiff filed his charges of discrimination with the EEOC.

7. Plaintiff has exhausted all administrative prerequisites to bring this lawsuit.

8. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims herein have occurred in this district, and because Defendant is headquartered in this district.

## PARTIES

9. Plaintiff KELVIN GREEN is a natural person, a 66-year old legal adult, and a resident of the State of Illinois. Until his termination on June 3, 2018, he was employed by Defendant TRANS UNION, LLC

10. Defendant TRANS-UNION, LLC is a credit and information management company that is headquartered at 555 West Adams Street, Cook County, Chicago, Illinois.

11. Defendant is engaged in an industry affecting commerce that has twenty or more employee each working day in each of twenty or more calendar weeks a year.

12. Defendant is an employer within the meaning of the ADEA.

## FACTS COMMON TO ALL COUNTS

13. Plaintiffs repeat, re-allege and incorporate by reference, the allegations in all other paragraphs of this Complaint with the same force and effect as if herein set forth.

14. Plaintiff has worked for TransUnion or its affiliate, Acxiom, since the 1970's performing technology services.

15. Since about the beginning of 2012, Plaintiff has been a Team Leader within Defendant's Global Operations Center ("GOC") in Defendant's Chicago, Illinois office. The GOC has the responsibility to monitor Defendant's technology systems to avoid technology-based issues that impact customer access to Defendant's services.

16. Plaintiff was at all time responsible for managing eight employees in the GOC, and to provide general guidance to his Team.

17. During his decades-long career with Defendant, Plaintiff performed and was rated at a satisfactory level.

18. In late 2017, Brian Deasy ("Deasy") became the GOC Director and began overseeing all the teams within the GOC.

19. After Deasy began his employment, Plaintiff was subjected to placement on a warrantless corrective counseling plan in March 2018, and then terminated on June 4, 2018.

20. Around the same time Plaintiff was terminated, two other Team Leaders, both of whom were over 40 years of age, were also terminated.

21. Plaintiff and the two other terminated Team Leaders were among the highest paid Team Leaders at Defendant's Chicago location due to their seniority, longevity, and years of service.

22. Defendant, at least through Deasy, terminated Plaintiff because of his age, 66.

## COUNT I: 29 U.S.C. § 621, *et seq.*
## DEFENDANT TERMINATED PLAINTIFF INTENTIONALLY BECAUSE OF HIS AGE (66) IN VIOLATION OF THE ADEA

23. Plaintiff repeats, re-alleges, and incorporates by reference, the allegations in all other paragraphs of this Complaint with the same force and effect as if herein set forth.

24. The ADEA makes it unlawful for employers and their agents "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(2).

25. At all times, Plaintiff performed his Team Leader job consistent with Defendant's expectations.

26. After Plaintiff's termination in June 2018, a younger employee under the age of 40 was reassigned to Plaintiff's Team Leader position.

27. Two other Team Leaders, both over the age of 40, were terminated contemporaneously with Plaintiff in June 2018, and a younger employee under the age of 40 was reassigned to take over at least one of their positions.

28. Of the three Team Leaders terminated from Defendant's Chicago Office in June 2016, all three were over the age of 40 and had years of seniority with the Company.

29. Of the three Team Leaders terminated from Defendant's Chicago Office in June 2016, at least two were replaced by workers under the age of 40 with less seniority.

30. Firing Plaintiff was Defendant's way of intentionally weeding out older, more senior members of the workforce.

31. The terminations were all done at the direction and behest of Deasy, who was the same second-line supervisor of all three terminated Team Leaders, including Plaintiff.

32. Defendant terminated Plaintiff intentionally because of Plaintiff's age, 66, in violation of the ADEA.

33. As a direct and proximate result of the foregoing violations of the ADEA, Plaintiff has

sustained economic and non-economic damages, including, but not limited to, job loss, and loss of wages and benefits.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment in his favor and against Defendant for (A) lost wages, employment benefits, and other compensation lost as a result of Defendant's discriminatory action on the basis of age, together with prejudgment interest; (B) liquidated damage doubling the award of interest, wages, lost employment benefits, and other compensation lost to Plaintiff as a result of Defendant's discriminatory against him on the basis of age; (C) reinstatement to the position of Team Leader, plus back pay for all lost wages; (D) reasonable attorney's fees, expert witness fees, expenses, costs of this action and all other costs; and, (E) such other relief that this Court deems just and appropriate.

## COUNT II: 29 U.S.C. § 621, *et seq.*
## DEFENDANT UTILIZED CRITERIA IN ASSESSING THE PERFORMANCE OF PLAINTIFF AND THE OTHER TEAM LEADERS THAT HAD A DISPARATE IMPACT ON EMPLOYEES OVER THE AGE OF 40

34. Plaintiff repeats, re-alleges, and incorporates by reference, the allegations in all other paragraphs of this Complaint with the same force and effect as if herein set forth.

35. The ADEA as interpreted prohibits employers from using facially age-neutral policies and/or practices that have a significant adverse disparate impact on qualified workers over the age of 40, such as Plaintiff.

36. Beginning in or fall 2017 and continuing at least through June 2018, Defendant instituted performance policies and practices that, while neutral on their face, had the effect of creating an adverse disparate impact on persons over 40, including Plaintiff.

37. Defendant instituted policy changes to GOC's infrastructure, customer complaint ticketing

system, and dashboard system and performance expectations that had a disparate impact on Team Leaders who were over the age of forty (40) such that all three Team Leaders over the age of forty (40) in GOC were terminated as a result.

38. After a reasonable opportunity for discovery, it will be shown that, statistically, Defendant's performance policies adopted in or about fall 2017 and its failure to provide updated training regarding such policies to the Team Leaders has caused discrimination against others over the age of 40, including Plaintiff, in violation of the ADEA.

39. As a direct and proximate result of the foregoing violations of the ADEA, Plaintiff has sustained economic and non-economic damages, including, but not limited to, job loss, and loss of wages and benefits.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment in his favor and against Defendant for (A) lost wages, employment benefits, and other compensation lost as a result of Defendant's discriminatory action on the basis of age, together with prejudgment interest; (B) liquidated damage doubling the award of interest, wages, lost employment benefits, and other compensation lost to Plaintiff as a result of Defendant's discriminatory against him on the basis of age; (C) reinstatement to the position of Team Leader plus back pay for all lost wages; (D) reasonable attorney's fees, expert witness fees, expenses, costs of this action and all other costs; and, (E) such other relief that this Court deems just and appropriate.

**JURY DEMANDED AS TO ALL COUNTS**

DATED: November 17, 2018

                                            Respectfully submitted,

                                            */s Cass T. Casper*
                                            _____

                                                                         Cass T. Casper, Esq.
                                                                         Plaintiff's Attorney

*Cass T. Casper, Esq.*
Illinois Attorney Registration Number 6303022
TALON LAW, LLC
79 West Monroe Street, Suite 1213
Chicago, Illinois 60603
Phone: (312) 351-2478 | Fax: (312) 276-4930
Email: ctc@talonlaw.com

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kelvin R. Green<br>c/o Cass T. Casper<br>TALON LAW, LLC<br>1153 West Lunt Ave., Suite 253<br>Chicago, IL 60626 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2018-05741 | Grace Swierczek, Investigator | (312) 869-8144 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman,
District Director

8/20/18    *(Date Mailed)*

Enclosures(s)

cc:
**TRANS UNION, LLC**
c/o Nina Gaines
**Employee Relations Consultant**
555 W. Adams Street, 10th Fl.
Chicago, IL 60661

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form. | ☐ IDHR | |
| # | ☒ EEOC | 440-2018-05741 |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINT (indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (include area code) | |
|---|---|---|
| Kelvin Green | (708) 704-0865 | |
| **STREET ADDRESS** | **CITY, STATE, ZIP CODE** | **DATE OF BIRTH** |
| 1738 185th Street | Lansing, Illinois 60438 | 12-09-1951 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS +15 | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Trans Union, LLC | | (312) 985-2000 |
| **STREET ADDRESS** | **CITY, STATE, ZIP CODE** | **COUNTY** |
| 555 West Adams Street | Chicago, Illinois 60661 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Race (Black); Age | June 3, 2018 ☒ CONTINUING ACTION |

S E E   A T T A C H E D

RECEIVED EEOC
JUN 0 8 2018
CHICAGO DISTRICT OFFICE

Page 1 of 4

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME THIS 8 DAY OF Jun, 2018. NOTARY SIGNATURE |
|---|---|

OFFICIAL SEAL
CASS THOMAS CASPER
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires March 7, 2021

NOTARY STAMP

x _____ R. _____  6-8-18
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that is is true to the best of my knowledge, information and belief

EEO-5 FORM (Rev. 05/14-INT)

# CHARGE OF TITLE VII AND ILLINOIS HUMAN RIGHTS ACT ("IHRA") VIOLATIONS FOR RACE AND AGE DISCRIMINATION

I. **ISSUE 1: RACE DISCRIMINATION UNDER TITLE VII AND IHRA.**

   a. Discharge, June 2018 because of my race (Black).

II. **PRIMA FACIE ALLEGATIONS AS TO ISSUE 1.**

   a. My name is Kelvin Green and my race is Black.

   b. I have worked for Respondent for about 44 years, most recently and for the last six years in the title of Team Leader. I have always performed my job in a satisfactory manner and consistent with employer expectations, and have nearly no prior discipline until my termination in June 2018 on bases I believe to be a pretext for discrimination due to my race (black).

   c. On June 3, 2018 I was notified by Director of Operations Brian Deasy (White) ("Deasy") that I was subject to immediate termination in a meeting lasting approximately 10 minutes. An HR manager was also present, but did not say anything except asking me if I had any questions. Deasy advised me that the company was moving in another direction and I was being let go effective immediately. He briefly stated that my performance was the problem, but did not elaborate in more detail. Further, since January 2018, I have had rave reviews during every Friday meeting, and there have been no incidents since that time.

   d. Another Team Leader, Kelvin Jones (Black), was also terminated in or about June 1, 2018.

   e. Other non-Black employees have been treated more favorably than me, performed at the same level as me, but were not terminated. Other non-Black Team Leaders in other areas of Respondent's operations were not terminated.

   f. I believe I have been discriminated against based on my race (black) under Title VII and the IHRA.

III. **ISSUE 2: AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA") AND IHRA.**

  a. Discharge, June 2018 because of my age (66).

IV. **PRIMA FACIE ALLEGATIONS AS TO ISSUE 2.**

  a. All of the foregoing paragraphs are incorporated by reference herein as if fully restated.

  b. I am a 66-year old male who has worked for Respondent for 44 years. I have always performed my job in a satisfactory manner and consistent with employer expectations, and nearly no prior discipline until my termination in June 2018 on bases I believe to be a pretext for age discrimination. I was advised that the Respondent wanted to move in another direction, which I believe meant they want younger employees.

  c. I was terminated in June 2018 while other employees under the age of 40 were treated more favorably.

  d. I believe my termination was because of my age (66), and that the reasons given for my termination are a pretext because the Respondent is looking for younger workers as cheaper labor.

  e. Respondent also terminated a 50 year old male and a 59 year old male at about the same time they terminated me. On belief, they were also told the Respondent was moving in another direction, *i.e.*, in favor of younger employees.

  f. I believe I have been discriminated against based on my religion under the ADEA and IHRA.

## REMEDY AND RELIEF REQUESTED

Based on the foregoing, I am requesting:

  a. Full back pay, back benefits, compensatory, special, consequential, punitive, and all other damages as are allowed by law, plus pre- and post-judgment interest on such amounts.
  b. Litigation costs and reasonable attorneys' fees.

    c. Reinstatement to my prior position or a comparable position with full seniority.
    d. All other appropriate and available relief as allowed by law.